

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2022 SEP 28  AM 10: 55

DEPUTY CLERK_____ mb

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3-22CV1944 |
| ACKERMAN McQUEEN, INC. and MERCURY GROUP, INC. | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES
DISTRICT JUDGE A. JOE FISH:

Come now Ackerman McQueen, Inc. ("AMc") and Mercury Group, Inc. ("MG") (together, "Defendants"), and file this their original answer to the Complaint (filed Under Seal) of Plaintiff National Rifle Association of America ("NRA"), respectfully answering as follows:

1.  Defendants admit that this is an action for breach of contract involving the Confidential Settlement Agreement ("CSA"), dated March 11, 2022 that resolved the litigation referenced in Plaintiff's Complaint, ¶1. Defendants admit that the CSA contains a Mutual General Release of All Claims (the "Release"), and that operative provisions of the CSA speak for themselves and are unambiguous.

2.  Defendants admit that there is ongoing litigation in the Circuit Court of the County of Fairfax, Virginia, styled and numbered as indicated in ¶2 of the Complaint. Defendants deny that the Plaintiff in that case, Under Wild Skies, Inc.

4857-0949-8932\1

("UWS") is an affiliate of Defendants. Defendants admit that Anthony ("Tony") Makris ("Makris") is an officer of AMc and MG, but deny UWS itself is an affiliate and/or related affiliated entity.

3. The allegations in the first sentence of ¶3 are denied. Defendants admit that one or more of the drafts of the CSA proposed to carve out the UWS litigation but that "carve out" was not agreed to.

4. Defendants deny that either the express language of the CSA or negotiations concerning same support Plaintiff's claim; in fact, those negotiations are irrelevant given the fact that the core issue raised in Plaintiff's instant lawsuit have been *decided against the NRA* by Court Order, which found that UWS is not a signatory to the CSA and is dispositive of the legal question whether the UWS claims against the NRA were released.

5. Defendants can neither admit nor deny the truth of the matters set out in ¶5 of the Complaint, as the pleadings in that case will speak for themselves and neither of these Defendants is involved in the UWS lawsuit.

6. Defendants admit, on information and belief, that what is described as the "Show" in Plaintiff's Complaint aired on NRATV and other television channels. Defendants admit only that AMc administered the NRATV, which served as an aggregation of owned and loaned NRA content, for the benefit of the NRA. Defendants deny that NRA owned UWS content.

7. Defendants deny that Makris played "a central role in the development of NRATV" as that description overstates Mr. Makris' involvement in NRATV.

8. Defendants can neither admit nor deny the matters set forth in the first two lines of §8, but deny the implication in the remainder of that sentence that UWS was an affiliate company of Defendants. Defendants can neither admit nor deny the remainder of ¶8, and therefore deny.

9. These Defendants can neither admit nor deny the allegations of fact set forth in ¶9 of the Complaint, in that neither Defendant was a party to the referenced litigation. Therefore, Defendants deny those allegations.

10. Admit.

11. Defendants deny the allegations of ¶11, wherein the NRA attempts by self-serving language to indicate a benign, legitimate purpose behind what it describes as the AMc Litigation.

12. Defendants deny the allegations in the first two sentences of ¶12 of the Complaint. As to the last sentence thereof, the pleadings in that case will speak for themselves and therefore Defendants can neither admit nor deny the characterization applied by Plaintiff. Defendants accordingly deny same.

13. Defendants admit that the parties to what is described as the AMc Litigation settled the matter with terms thereof documented in the CSA. Defendants admit that the language of the Releases in the CSA is broad and applies to named

individuals, to named parties and affiliates of AMc and MG. Defendants admit the allegations in the second sentence of ¶13 in that the document speaks for itself.

14. Defendants deny the allegations in ¶14, in the first three sentences thereof. Defendants admit the allegation in the last sentence of ¶14.

15. Defendants can neither admit nor deny the allegations in ¶15 as the reference therein is to unspecified documents concerning "Deliverables" to the NRA. Therefore, Defendants deny the allegations therein.

16. Defendants categorically deny the allegations in ¶16, and would show that the core issue in this case has been decided against the NRA by the Circuit Court of Fairfax County, Virginia. Please see Exhibits A and B incorporated herein by reference.

17. Defendants admit that a draft of the CSA contained a "carve out" of the pending UWS litigation.

18. Defendants admit that an effort to carve out the UWS litigation was opposed by the NRA.

19. Defendants admit that Plaintiff seeks damages for an alleged breach of the CSA but deny that Defendants have breached the CSA; deny that NRA has been damaged by any actions of the Defendants; and deny that the Defendants, as signatories under the CSA, have failed to cooperate in the dismissal of the UWS litigation, showing instead that the Virginia court has already ruled that UWS, being a non-signatory to the CSA, did not release any of its claims and, by necessary

implication, has found that UWS is not an affiliate of or a related company to Defendants. Therefore, and particularly since the issue has already been determined by the Virginia court, Plaintiffs claims have been rendered moot and will be the subject of a Motion for Summary Judgment.

## II.

## PARTIES AND RELEVANT NON-PARTIES

20. Defendants admit the matters set forth in the first sentence of ¶20 of the Complaint. Defendants can neither admit nor deny the truth of the matters asserted in the remainder of ¶20.

21. Admit.

22. Admit.

23. Defendants admit the truth of the matters set forth in the first five sentences of ¶ 23 and deny the truth of the matters set forth in the sixth and seventh sentences of ¶23.

24. Admit.

## III.

## JURISDICTION AND VENUE

25. Admit.

26. Admit.

27. Admit.

## IV.

## FACTUAL BACKGROUND

A.  **The UWS Lawsuit. (Cause No. CL-2019-12530;** *Under Wild Skies, Inc. v. National Rifle Association of America,* **in the Circuit Court of Fairfax County, Virginia).**

28.  Defendants admit the truth of the matters set forth in the first two sentences of ¶28 but are unable to admit or deny the truth of the last sentence and therefore deny same.

29.  Unable to admit or deny, and therefore deny.

30.  Defendants are unable to admit or deny in view of the fact that neither Defendant was involved in the business relationship entered into between the NRA and UWS. Therefore, Defendants deny the allegations of fact in ¶30.

31.  Defendants are unable to admit or deny the truth of the matters set forth in ¶31, and therefore deny same.

32.  Defendants are unable to admit or deny the truth of the matters set forth in ¶32 since neither was a party to the UWS litigation; furthermore, the pleadings set forth therein are allegations of fact, rather than established facts.

33.  Defendants admit that Tony Makris had knowledge of certain issues in the AMc Litigation but are unable to admit or deny the rest of the matters set forth in ¶33 of the Complaint, and therefore deny same.

## B.     The AMc Litigation.

34.     Defendants admit the allegations set forth in the first two sentences of ¶34 with the exception that AMc administered NRATV for the benefit of the NRA. AMc admits that some of the goals of NRATV were those set forth. Otherwise, it is unable to admit or deny as is MG, and therefore deny the remaining allegations.

35.     Admit.

36.     Defendants are unable to admit or deny the allegations in ¶36 of the Complaint and therefore deny same.

37.     Admit that Makris is President of Mercury Group and an officer (but not owner) of AMc.

38.     The Defendants admit that the relationship between AMc and the NRA began to deteriorate in 2018 when, for the first time in their decades long relationship, the NRA begain making unreasonable and contrived demands on AMc and MG and in the process thereof began a series of hostile actions, culminating in a April 2019 lawsuit filed by the NRA against AMc. The Defendants are unable to admit or deny the portion of ¶38 asserting that actions taken by the NRA were part of an effort to conform to governmental regulations.

39.     The Defendants admit that the NRA sued AMc in April 2019 and thereafter both expanded the original lawsuit filed in state court in Virginia and filed additional litigations against AMc and MG. The pleadings therein contain the allegations, all of which the Defendants deny.

7

40.     Defendants admit that Makris was an important witness (not "key") in the AMc Litigation and Defendants admit that he testified about his involvement with the NRA, NRATV, MG and AMc. Beyond that, Defendants can neither admit nor deny the truth of the matters set forth and therefore deny same.

**C.     The CSA.**

41.     Defendants admit that the releases were broad when the CSA was finally executed but that the document will speak for itself with respect to the remaining characterizations in ¶41 of the Complaint.

42.     Admit.

43.     Admit.

**D.     UWS is Bound by the Release in the CSA.**

44.     Deny.

45.     Deny.

46.     Defendants admit the allegations set forth in the first and second sentences of ¶46. Defendants are unable to admit or deny that Makris was the sole host of the show and therefore deny same.

47.     Defendants admit that Makris had close connections to AMc and utilized AMc employees for his own work matters. Defendants are unable to admit or deny the remainder of ¶47.

48. Defendants are unable to admit or deny the allegations set forth in ¶48 of the Complaint and therefore deny same.

49. Defendants deny that Defendants created the Show as set forth in ¶49, but admit the remainder.

50. Admit.

51. Deny.

52. Defendants deny that there was "shared corporate control" respecting Defendants and UWS' provision of services, as alleged in ¶52 of the Complaint. Defendants also deny the remainder of the allegations in ¶52.

53. Deny.

54. Admit.

55. Defendants are unable to admit or deny the allegations set forth in ¶55, and therefore deny same.

56. Without reference to specific invoices, Defendants are unable to admit or deny the allegations set forth in ¶56 and therefore deny same.

57. Defendants admit the matters set forth in ¶57 except to note that while the quotes may be accurate, they are taken out of context and constitute only partial quotes from Mr. Makris' testimony.

58. Since these Defendants are not parties to the new UWS Litigation, Defendants are unable to admit or deny the allegations of fact set forth in ¶58 of the Complaint, and therefore deny same.

59. Deny.

E. **Defendants' Breaches.**

60. The Defendants deny the allegations set forth in ¶60.

61. Defendants deny each of the allegations set forth in ¶61.

62. Defendants admit that they sought a carve out of the ongoing litigation involving the NRA and UWS during the negotiation of the CSA.

63. Defendants admit that the NRA rejected such carve out, and that AMc agreed to forego that request.

64. Deny.

65. Deny.

66. Deny.

V.

CLAIMS

A. **Count One – Breach of Contract.**

67. Defendants can neither admit nor deny the statements in ¶67 since such is simply an incorporation of prior pleadings.

68. Defendants admit that the CSA is a legally enforceable contract but deny that it contains a release of any claims between UWS and the NRA.

69. Deny.

70. Deny, and Defendants note that Plaintiff fails to identify a particular provision(s) of the CSA purportedly breached by Defendants.

71. Deny.

72. Deny.

## VI.

## DEMAND FOR JURY TRIAL

73. Defendants also demand a trial by jury as to any matters of fact; Defendants contend, however, that this case can and should be disposed of on matters of law.

## VII.

## PRAYER

Defendants generally deny Plaintiff's entitlement to any of the relief sought and as prayed for in its Complaint.

4857-0949-8932\1

## VIII.

## AFFIRMATIVE DEFENSES

**A.     Mootness.**

1.     Plaintiff's lawsuit, built as it is on the false argument that UWS (a non-signatory to the CSA) somehow released its claims against the NRA is moot because the Virginia court in which the UWS Litigation is just now concluding has issued two Orders conclusively finding that he CSA does not include claims against the NRA urged by UWS.  Please see **Exhibits "A" and "B"**, attached hereto and incorporated by reference.  **Exhibit A** granted UWS' Motion to Strike the NRA's Plea in Bar, which asserted that UWS' lawsuit had been released in the CSA.  The second order **(Ex. "B")** was even more emphatic finding and declaring the earlier court determination to be dispositive of the issue, **Ex. "B"** also denied the NRA's effort to amend their trial pleadings to assert Release (of UWS claims) as an affirmative defense.

2.     Based upon the rulings by the Court in Virginia, it has been conclusively established that the release in the CSA does not cover UWS claims against the NRA.  Accordingly, those rulings have rendered Plaintiff's claims in this case moot.

3.     Furthermore, the UWS lawsuit was tried before a jury in the Circuit Court of Fairfax County, Virginia the week of September 12, 2022, resulting in a verdict in favor of UWS in the amount of $550,000.00.

12

### B. Collateral Estoppel.

4. By virtue of the Virginia court rulings, Plaintiff is collaterally estopped from urging the same claims disposed of by Virginia state court rulings. Having argued their position that the UWS claims were released in the CSA and having lost that argument on two occasions before State Courts in Virginia, Plaintiff cannot raise those same claims herein.

### C. Waiver.

5. By failing to seek relief from the two court rulings, either at the trial court or appellate court level prior to trial, and then trying the case to conclusion before a Virginia jury, Plaintiff has waived its right to contest those rulings, rendering them conclusive on the central issue in this case.

## CONCLUSION AND PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that Plaintiff's claims be, in their entirety, dismissed with prejudice, that Defendants recover their fees and costs incurred herein, and for such other and further relief to which they may show themselves entitled.

4857-0949-8932\1

Dated:  September 28, 2022

                                           Respectfully submitted,

                                           DORSEY & WHITNEY LLP

                                           By:_____/s/ Jay J. Madrid_____
                                                Jay J. Madrid         SB#12802000
                                                madrid.jay@dorsey.com
                                                200 Crescent Court
                                                Suite 1600
                                                Dallas, Texas 75201
                                                214-981-9900 (Tel.)
                                                214-981-9901 (Fax)

                                           **ATTORNEYS FOR DEFENDANT,**
                                           **ACKERMAN McQUEEN, INC. and**
                                           **MERCURY GROUP, INC.**

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on September 28, 2022, a true and correct copy of the foregoing instrument was hand delivered to the Court Clerk for filing in the sealed case.  All counsel of record is being served via delivery by courier on this date.

                                             */s/ Jay J. Madrid*_____
                                             Jay J. Madrid

4857-0949-8932\1

VIRGINIA

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

UnderWild Skies
Plaintiff(s),

v.

National Rifle Assoc.
Defendant(s).

A No. 12530

This cause came on to be heard on the 19 day of August, 2022 on the ~~Plaintiff's~~/Defendant's motion for Motion to Strike Plea In Bar

Upon the matters presented to the Court at the hearing, it is

ADJUDGED, ORDERED, and DECREED as follows:

Plaintiff's Motion to Strike Is Granted for ~~the~~ reasons stated In Open Court ~~Including~~ based on the finding ~~that~~ II is Not A Signatory to ~~the~~ CSA

cc: Tr Atty 9/19/22

Entered this 19th day of August, 2022.

_____
JUDGE DAVID BERNHARD

SEEN: And agreed

Seen + objected to for the reasons stated on the record, etc.

_____
Counsel for Plaintiff(s)

_____
Counsel for Defendant(s)

A COPY TESTE:
JOHN T. FREY, CLERK
BY: _____ Deputy Clerk
Date: 8/19/22
Original retained in the office of the Clerk of the Circuit Court of Fairfax County, Virginia

**EXHIBIT "A"**

**VIRGINIA:**

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | |
|---|---|
| UNDER WILD SKIES, INC., <br>     *Plaintiff,* <br><br> v. <br><br> NATIONAL RIFLE ASSOCIATION <br> OF AMERICA, <br>     *Defendants.* | ) <br> ) <br> ) <br> )     CL–2019–12530 <br> ) <br> ) <br> ) <br> ) |

### ORDER

THIS MATTER came before the Court August 26, 2022, on

- Defendant National Rifle Association of America's ("NRA's") Motion for Continuance or in the Alternative Motion to Set a Briefing Schedule and Date Certain for a Summary Judgment Hearing ("Motion to Continue");
- Defendant NRA's Motion for Leave to Amend its Answer ("Motion for Leave to Amend");
- The parties mutual request for leave to file multiple motions *in limine* on a single motion day, and the NRA's request to schedule a Motion for Summary Judgment (Motion Scheduling).

### MOTION TO CONTINUE

IT APPEARING the NRA seeks a last-minute continuance of this September 12, 2022, trial that the parties scheduled over a year ago on May 20, 2021;

APPEARING Plaintiff Under Wild Skies, Inc. ("UWS") filed its Complaint September 11, 2019, seeking payment on unpaid advertising invoices, *inter alia*;

APPEARING the NRA sought a prior continuance July 29, 2022, which was denied by Calendar Control Order the same day;

1

**EXHIBIT "B"**

APPEARING the NRA now again seeks to continue the trial in this matter—this time because a non-party has not responded to an out-of-state subpoena. The NRA filed a motion to compel in the District Court of Tulsa County, Oklahoma, but that court has not ruled; and

APPEARING the Oklahoma court has been slow to act, but that the NRA did nothing to push the Oklahoma court for a hearing or ruling for 10 months—between June 16, 2021, and April 29, 2022. Therefore, it is

ADJUDGED the Court finds as fact the NRA was dilatory in seeking discovery by waiting ten months to press its motion to compel in the Oklahoma court; and

ADJUDGED the Court finds as fact that UWS is prejudiced by this continuance request of a trial scheduled over a year ago over a lawsuit filed approximately three years ago—even recognizing delays due to the present pandemic and the NRA's bankruptcy filing. Therefore, it is

**ORDERED the NRA's Continuance Motion is DENIED.**

**MOTION FOR LEAVE TO AMEND**

IT FURTHER APPEARING the NRA seeks leave to amend its Answer to add an affirmative defense of release and to withdraw its defense of duress;

APPEARING the basis for the NRA's release defense is a Confidential Settlement Agreement ("CSA") that it argues resulted in a settlement with UWS; and

APPEARING the trial in this matter is approximately six weeks away; it is

ADJUDGED this Court ruled on August 19, 2022, that the CSA did not involve UWS as a matter of law and granted UWS' motion to strike the NRA's plea in bar (Bernhard, J.);

ADJUDGED the August 19, 2022, Order is dispositive of the legal question of whether the CSA released UWS;

ADJUDGED leave to amend should be liberally granted in furtherance of the ends of justice. VA. SUP. CT. R. 1:8. However, trial courts retain discretion to

deny a motion for leave to amend when it is apparent that such an amendment would accomplish nothing more than provide opportunity for re-argument of a question already decided. *Hechler Chevrolet, Inc. v. General Motors Corp.*, 230 Va. 396, 403 (1985);

ADJUDGED leave to amend in the present case would be futile considering Judge Bernhard's August 19, 2022, Order;

ADJUDGED the Court finds as fact that the NRA was dilatory in filing its motion. It knew of the CSA approximately six months ago. However, it waited until approximately three weeks before trial to have a hearing on its motion for leave to amend its Answer. The Court also finds as fact that UWS would be prejudiced by the need to respond to any amendment and the implicit re-argument of the substance of the August 19, 2022, Order an amendment would invite; and

ADJUDGED the parties agree the NRA should be permitted to withdraw its affirmative defense of duress; therefore, it is

**ORDERED the NRA's Motion for Leave to Amend is GRANTED IN PART AND DENIED IN PART. It is GRANTED to the degree that it may withdraw its affirmative defense of duress, and that defense is WITHDRAWN. It is DENIED to the degree that it may not amend its Answer to add the affirmative defense of release.**

## MOTION SCHEDULING

IT FURTHER APPEARING the parties seek to schedule multiple motions *in limine* on a single motions docket, and the NRA seeks to schedule a motion for summary judgement;

APPEARING there are only two motion days remaining before trial; it is

ADJUDGED the Court hears motions of all litigants on demand every Friday. To make this manageable, the Court requires the parties to place only one motion on the docket each Friday;

ADJUDGED there is insufficient time to hear the three motions this close to trial with the available motion dates. The Court has discretion to manage its own docket and is unpersuaded than an emergency exists to make an exception to the Court's normal motion day practice. The Court determines that adjudication of the

summary judgment motion better serves judicial economy than the motions *in limine* in the remaining days before trial. The former could potentially consolidate trial issues. The latter typically seeks to exclude inadmissible evidence from trial, see *Turner v. Commonwealth*, 68 Va. App. 72 (2017), a task the Court can take as evidence is offered. The Court finds deferring the motions *in limine* prejudices neither party as each retains the ability to object to inadmissible evidence as it is being offered. Therefore, it is

**ORDERED the motions *in limine* SHALL NOT BE DOCKETED, and UWS' motion currently scheduled for September 9, 2022, is REMOVED from the docket. (The trial judge retains discretion to hear the motions *in limine* pre-trial on September 12, 2022);**

**ORDERED the NRA's Motion for Summary Judgment is DOCKETED for September 9, 2022, at 10:00 a.m., the NRA has leave to file its motion by August 26, 2022, and UWS may oppose the motion under the Court's normal motions procedures.**

THIS CAUSE CONTINUES.

Judge David A. Oblon

AUG 3 0 2022

Entered

Pursuant to Rule 1:13 of the Rules of the Supreme Court of Virginia, Endorsement of this Order is Waived by Discretion of the Court. Any desired Endorsement Objections May Be Filed Within Ten Days.