IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ACKERMAN McQUEEN, INC. and MERCURY GROUP, INC.<br><br>　　　　Defendants. | §<br>§<br>§  Civil Action No. 3:22-CV-1944-G<br>§<br>§  The Honorable A. Joe Fish, presiding.<br>§<br>§<br>§  **FILED UNDER SEAL**<br>§<br>§<br>§ |

**BRIEF IN SUPPORT OF
DEFENDANT MAKRIS' MOTION TO DISMISS UNDER FRCP 12(b)(6)**

　　　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　/s/ *James S. Robertson, III*
　　　　　　　　　　　　　　　　　　James S. Robertson, III
　　　　　　　　　　　　　　　　　　State Bar No. 17061075
　　　　　　　　　　　　　　　　　　GLAST, PHILLIPS & MURRAY, P.C.
　　　　　　　　　　　　　　　　　　14801 Quorum Drive, Suite 500
　　　　　　　　　　　　　　　　　　Dallas, TX 75254-1449
　　　　　　　　　　　　　　　　　　972-419-7136
　　　　　　　　　　　　　　　　　　469-206-5048 – Telecopier
　　　　　　　　　　　　　　　　　　jrobertson@gpm-law.com

　　　　　　　　　　　　　　　　　　ATTORNEY FOR
　　　　　　　　　　　　　　　　　　DEFENDANT ANTHONY MAKRIS

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................ 2

INDEX OF AUTHORITIES ....................................................................................................... 3

I.   FACTS ............................................................................................................................... 4

II.  ARGUMENT AND AUTHORITIES ............................................................................... 6

    A.   FRCP 12 (b)(6) ...................................................................................................... 6

    B.   Claims Against Makris Are Moot ......................................................................... 6

    C.   Plaintiff is Collaterally Estopped .......................................................................... 7

    D.   Plaintiff's Breach of Fiduciary Duty, Fraud and Related Claims Barred by Limitations ............................................................................................................. 7

CONCLUSION AND PRAYER ................................................................................................. 8

CERTIFICATE OF SERVICE .................................................................................................... 9

## INDEX OF AUTHORITIES

**Cases**

*Bell Atl. Corp v. Twombly*,
  550 U.S. 44, 555-56 (2007) ................................................................................ 6
*Cook, Inc. v. State Farm Mut. Auto Ins.*,
  869 F.3d 381, 385 (5th Cir. 2017) ..................................................................... 6
*FDIC v Nueces County*,
  886 S.W.2d 766, 767 (Tex. 1994) ...................................................................... 6
*Funny Guy, LLC v. Lecego, LLC*,
  295 S.E.2d 887, 889 - 891 (Va. 2017) .............................................................. 7
*Hernandez – Perez v. State*,
  No. 01-09-00801-CR, 2010 WL 2133935 at *1 (Tex. App. – Houston [1st Dist.]
  May 27, 2010, no pet.) (Mem. Op.) .................................................................. 7
*Northstar Aviation, LLC v. Alberto*,
  332 F. Supp. 3d 1007, 1015 (E.D. Va. 2018) ................................................... 8
*Scanlan v. Texas A&M Univ.*,
  343 F.3d 533, 536 (5th Cir. 2003) ..................................................................... 6
*Singer v. Dungan*,
  45 F.3d 823, 827 (4th Cir. 1995) ....................................................................... 8
*Valley Baptist Med. Ctr. v. Gonzalez*,
  33 S.W.3d 823, 822 (Tex. 2000) ........................................................................ 6

**Statutes**

VA. CODE ANN. § 8.01-243 ................................................................................... 7
VA. CODE ANN. § 8.01-248 ................................................................................... 7

**Rules**

FRCP 12(b)(6) ........................................................................................................ 4
FRCP 12(d) ............................................................................................................. 6
FRCP 15 .................................................................................................................. 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, § § § Civil Action No. 3:22-CV-1944-G § Plaintiff, § § The Honorable A. Joe Fish, presiding. v. § § ACKERMAN McQUEEN, INC. and § **FILED UNDER SEAL** MERCURY GROUP, INC. § § § Defendants. § | |

**BRIEF IN SUPPORT OF
DEFENDANT MAKRIS' MOTION TO DISMISS UNDER FRCP 12(b)(6)**

TO THE HONORABLE A. JOE FISH, SENIOR JUDGE:

Comes now, Anthony "Tony" Makris ("*Makris*"), named as a Defendant herein, and files this his Brief in Support of the Motion to Dismiss for Failure to State a Claim under FRCP 12(b)(6), and in support thereof respectfully shows the following:

**I.
FACTS**

1.1   Plaintiff originally sued Ackerman McQueen, Inc. ("*AMc*") and its subsidiary Mercury Group ("*MG*"). Without seeking leave of court under FRCP 15, Plaintiff has now filed its Second Amended Complaint (the "*Amended Complaint*"), urging claims against AMc and MG for alleged breach of that certain Confidential Settlement Agreement ("*CSA*") entered into by the NRA, AMc, MG and others (not including Under Wild Skies Inc. ("*UWS*") or Makris). Similar allegations have now been added against Makris, along with breach of fiduciary duty, fraud and related claims surrounding allegedly false and fraudulent "Supplement Invoices" submitted by UWS to NRA for services rendered under agreements between those two parties.

1.2     All claims asserted against Makris – as well as the other defendants – have been litigated to conclusion in Virginia and are the subject of final orders entered in Case No. CL-2019-12530, styled *Under Wild Skies, Inc. v. National Rifle Association of America*, in the Circuit Court of Fairfax County, Virginia (the "**UWS Litigation**").  That case, tried to a jury September 12-20, 2022, resulted in a verdict favorable to UWS.

1.3     Makris is the owner of and principal in UWS, a non-affiliate of and not related to either AMc or MG.

1.4     The NRA now seeks to re-litigate issues against Makris (and the other Defendants) that were fully aired, litigated and ruled on in the UWS Litigation.  As to each Defendant, the "controversy" between them and the NRA has been fully resolved in the UWS Litigation, as rulings, orders and the verdict issued in that case have rendered moot all claims urged in this case.

1.5     Furthermore, the NRA is collaterally estopped from urging breach of fiduciary duty and fraud and related claims against Makris, as all issues relating to or arising from UWS/Makris' submission of purportedly fraudulent "Supplemental Invoices" were tried and submitted to the jury in the UWS Litigation.  Please see Declaration of T. Wayne Biggs ("**Biggs" Decl.**") included in the Appendix (cited as "***App.***") filed contemporaneously with this Brief, pp. 3 – 6, especially p. 4.

1.6     NRA's breach of fiduciary duty and fraud claims (Counts Two and Three, respectively, in the Amended Complaint) are barred by limitations as are its causes of action based on the breach of fiduciary duty and fraud claims (Counts Four, Five and Six in the Amended Complaint).

1.7     Thus, the claims asserted against Makris do not state claims that entitle Plaintiff to relief.

## II.
## ARGUMENT AND AUTHORITIES

A.  <u>FRCP 12 (b)(6)</u>.

2.1  The Court in considering a dismissal motion under the cited rule looks to a party's pleading to determine the sufficiency of its statement of claims for relief.  *Body by Cook, Inc. v. State Farm Mut. Auto Ins.*, 869 F.3d 381, 385 (5th Cir. 2017).  Stated differently, the test is whether the pleadings meet the "standard" of plausibility, *Bell Atl. Corp v. Twombly*, 550 U.S. 44, 555-56 (2007).

2.2  Generally, the Court limits its inquiry to facts stated in the complaint, but if a document is central to the claim or is attached to or incorporated by reference into the complaint, it is not considered "outside the pleadings" and can be considered by the Court.  See, e.g., *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).  Plaintiff not only cites to a document central to its case (the CSA) but also attached a copy and related documents to the Amended Complaint.  Of course, the Court also has the option of converting the motion to a summary judgment, should it deem that action appropriate and should it conclude that the extrinsic evidence is "outside the pleadings".  FRCP 12(d).

B.  <u>Claims Against Makris Are Moot</u>.

2.3  The doctrine of mootness, well-recognized in this jurisdiction, limits courts to deciding cases in which an actual controversy exists, and prevents courts from rendering advisory decisions.  See, *FDIC v Nueces County*, 886 S.W.2d 766, 767 (Tex. 1994); *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 823, 822 (Tex. 2000).

2.4  Here, the controversy which existed between the NRA and Makris has been resolved by a verdict rendered after a full trial, and by orders that are final and subsisting.  See, Biggs Decl.

2.5     This doctrine also implicates subject matter jurisdiction. *Hernandez – Perez v. State*, No. 01-09-00801-CR, 2010 WL 2133935 at *1 (Tex. App. – Houston [1ˢᵗ Dist.] May 27, 2010, no pet.) (Mem. Op.).  When a case becomes moot, the parties lose standing to maintain their claims. *Id.*

C.     <u>Plaintiff is Collaterally Estopped</u>.

2.6     Although Makris was not a named party in the UWS Litigation, the very activity of which he is now accused was the crux of that case.  See, Biggs Decl. at ¶6 (App., p. 4), respecting claims surrounding the same allegedly fraudulent "Supplemental Invoices" now featured in the Amended Complaint.  Even without complete identity of parties, issue preclusion bars re-litigation of matters which were tried previously, or <u>which could</u> have been raised.  *Funny Guy, LLC* v. *Lecego, LLC*, 295 S.E.2d 887, 889 - 891 (Va. 2017).

D.     <u>Plaintiff's Breach of Fiduciary Duty, Fraud and Related Claims Barred by Limitations</u>.

2.7     As was evident from the scope of the UWS Litigation, Virginia law applies to the fraud claim.  Moreover, NRA does not allege any facts in the Amended Complaint fixing Texas as the place where Makris allegedly committed fraud or breached any fiduciary duties.  Rather, NRS alleges that Makris submitted fraudulent "Supplemental Invoices" to NRA and provides no place to which those invoices might have been submitted other than NRS's Virginia place of business (See ¶15 of the Amended Complaint).  As such, Virginia law would govern any alleged tortious activity and same would be subject to two-year statutes of limitations under Virginia law. VA. CODE ANN. § 8.01-243 ("every action for damages resulting from *fraud*, shall be brought within two years after the cause of action accrues" [emphasis added]); VA. CODE ANN. § 8.01-248 ("Every personal action accruing on or after July 1, 1995, for which no limitation is otherwise prescribed, shall be brought within two years after the right to bring such action has accrued.");

*Singer v. Dungan*, 45 F.3d 823, 827 (4th Cir. 1995)(Va. Code Ann. § 8.01-248 governs breach of fiduciary duty claims); *Northstar Aviation, LLC v. Alberto*, 332 F. Supp. 3d 1007, 1015 (E.D. Va. 2018)("it is well-settled (i) that the applicable limitations period for claims of breach of fiduciary duty is two years, (ii) that the applicable limitations period for claims of fraud is two years").

  2.8 Plaintiff's breach of fiduciary duty and fraud claims are predicated upon allegedly fraudulent invoices sent and paid between 2009 and 2019, well more than two years before this case was filed (See the Amended Complaint, ¶¶ 60 – 63) and thus are barred by the applicable statutes of limitation.

  2.9 In Counts Four and Five of Plaintiff's Second Amended Complaint, NRS seeks "declaratory judgment" concerning positions Makris could and/or might take in this case. These counts are not claims for relief beyond this case. Accordingly, if the Court grants Makris' motion to dismiss the breach of fiduciary duty and fraud, claims Counts Four and Five fail by definition.

  2.10 In Count Six of Plaintiff's Second Amended Complaint, NRS seeks "an order, inter alia, requiring an accurate accounting of any of Makris' accounts in which any NRA funds relating to the Supplemental Invoices were deposited, transferred, disbursed or withdrawn from, removed or altered in any manner." This count explicitly relates to the "Supplemental Invoices" at issue in, and on which NRS's breach of fiduciary duty and fraud claims are predicated, and as such, like Counts Four and Five, fails by definition if grants Makris' motion to dismiss NRA's breach of fiduciary duty and fraud claims.

## III.
## CONCLUSION AND PRAYER

FOR THESE REASONS, Makris prays that, upon hearing, this Honorable Court GRANT Makris' Motion to Dismiss, and for such other and further relief to which he may show himself entitled.

Respectfully submitted,

/s/ *James S. Robertson, III*
James S. Robertson, III
State Bar No. 17061075
GLAST, PHILLIPS & MURRAY, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254-1449
972-419-7136
469-206-5048 – Telecopier
jrobertson@gpm-law.com

ATTORNEYS FOR DEFENDANT
ANTHONY MAKRIS

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 1, 2023, a true and correct copy of the foregoing instrument was electronically filed under seal with Court Clerk through the Court's electronic case filing system and a copy served on all other counsel/parties of record in accordance with FED. R. CIV. P. 5.

/s/ *James S. Robertson, III*
James S. Robertson, III