UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| vs. | ) ) | 3:22-CV-1944-G |
| ACKERMAN MCQUEEN, INC., ET AL., | ) ) | |
| Defendants. | ) | |

## ORDER

On September 1, 2022, the plaintiff National Rifle Association of America ("the NRA") filed this action under seal against the defendants Ackerman McQueen, Inc. ("Ackerman") and Mercury Group, Inc. ("Mercury"). *See* Plaintiff's Complaint (docket entry 2). On September 13, 2022, this case was reassigned to the undersigned. *See* Electronic Order Reassigning Case (docket entry 8).

On September 13, 2022, the court granted the NRA's unopposed motion for leave to file the complaint, confidential settlement agreement ("CSA"), and related drafts of the CSA under seal. *See* Order (docket entry 9). On October 18, 2022, the NRA amended its complaint and added the defendant Anthony Makris ("Makris").

*See* Plaintiff's First Amended Complaint (docket entry 15). Makris moves the court to "vacate the Court's sealing order signed September 13, 2022 [Doc. 9] . . . ." Defendant Anthony Makris' Motion to Vacate Sealing Order (docket entry 70) at 1. The court construes the motion as a motion to unseal this case.

On June 30, 2023, the court ordered the parties to (1) show cause in writing why this case should remain sealed and further ordered (2) a party seeking to keep a specific docket entry or document under seal to demonstrate that the extent of sealing was congruent to the need.[1] *See* Order (docket entry 145); see also *id*. ("If a party seeks to keep any motion, response, reply, or brief under seal, the party must include a proposed public version of the motion, response, reply, or brief with any and all assertedly confidential information redacted.").

In response to the court's show cause order, Ackerman and Mercury "express no opinion regarding whether the entire case (or any documents or pleadings filed therein) should be unsealed" but noted that "portions of the CSA (redacted) were filed by the NRA in a lawsuit in Fairfax County, Virginia . . . against the NRA (Case No. CL-2019-12530) . . . ." Statement Regarding Sealing (docket entry 158) at 1. On the other hand, the NRA requests that the court "maintain the seal over the entire Record; . . . in the alternative, . . . requests the Court maintain the seal over

---

[1] The record includes the unredacted CSA and pleadings inclusive of terms of the unredacted CSA.

the entire CSA; . . . in the alternative to that, the NRA respectfully requests the Court permit [identified] redactions [to 29 docket entries]. . . ." Plaintiff National Rifle Association of America's Brief in Response to the Court's June 30, 2023 Order Regarding Sealing (docket entry 164) at 25; *see also* docket entry 165 (appendix in support). The NRA's proposed redactions include (1) a redacted version of the CSA ("proposed redacted CSA") and (2) redacted versions of 29 pleadings based upon the redacted CSA ("proposed redacted pleadings").[2] *See* docket entry 165.

The United States Court of Appeals for the Fifth Circuit "heavily disfavor[s] sealing information placed in the judicial record." *June Medical Services., L.L.C. v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022); see also *Le v. Exeter Finance Corporation*, 990 F.3d 410, 417, 419 (5th Cir. 2021) ("[T]he working presumption is that judicial records should not be sealed. That must be the default because the opposite would be unworkable: 'With automatic sealing, the public may never know a document has been filed that might be of interest.'") (citation omitted). To decide whether something should be sealed, the court "must undertake a case-by-case, 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" *Le*, 990 F.3d 410 at 419.

---

[2] The NRA provided the court proposed redacted verison of the following docket entries: 3, 15, 16, 21, 25, 32, 37, 51, 53, 55, 56, 71, 72, 75, 80, 83, 87, 94, 95, 101, 103, 114, 115, 117, 122, 133, 134, 141, and 149.

Although there is a common law right to access judicial records, "this right is not absolute." *United States v. Sealed Search Warrants*, 868 F.3d 385, 391 (5th Cir. 2017) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-99 (1978)). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Securities and Exchange Commission v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

After a careful review of the record, the proposed redacted CSA, and the proposed redacted pleadings, the court has balanced the public's right of access to judicial records against a party's interest in nondisclosure and established public policy that firmly encourages voluntary settlements.  See *Liberty Mutual Insurance Company v. Pine Bluff Sand & Gravel Co., Inc.*, 89 F.3d 243, 248 (5th Cir. 1996); see also *Varsity Gay League LLC v. Nichols*, No. 3:22-CV-2711-B, 2023 WL 5284842, at *2 (N.D. Tex. Aug. 16, 2023) (Boyle, J.).  The court concludes that while the public policy promoting settlement generally outweighs the public's common law right of access to the judicial record, the court will unseal the case but permit the NRA to file the proposed redacted CSA, a document already made public,[3] and the proposed

---

[3] Upon review, the court finds that the proposed redacted CSA is substantially similar to a redacted version of the CSA filed by the NRA in Case No. CL-2019-12530.  See *June Medical Services*, 22 F.4th at 520 ("Publicly available information cannot be sealed.").

redacted pleadings in accordance with the proposed redacted CSA as submitted to the court. Here, the sealings are congruent to the demonstrated needs.[4] See *id*. at 521.

The court, therefore, grants in part and denies in part Makris's motion to unseal the case and denies the NRA's requests to maintain the seal over the entire record and the CSA. The court grants the NRA's request to permit identified redactions and accepts the NRA's proposed redacted CSA and corresponding proposed redacted pleadings. *See* docket entry 165. Thus, the court approves the public filing of the NRA's proposed redacted version of the CSA and corresponding 29 proposed redacted pleadings. See *id*.; *see also* footnote 2 of this order. In addition, docket entries 164-170, filed subsequent to the NRA's response to the court's show cause order, shall remain under seal pending the court's review of those pleadings.

---

[4] Should any portions of the redacted CSA become essential to the court's disposition of this case at a later time, the court at that time can balance these interests in determining whether those portions of the CSA should remain sealed.

Accordingly, it is **ORDERED**, **ADJUDGED**, and **DECREED**:

1.  Makris's motion is **GRANTED** in part and **DENIED** in part.  Accordingly, the court's order dated September 15, 2022 (docket entry 9) is hereby **VACATED**, and the Clerk of Court is **DIRECTED** to unseal this case.  However, the following docket entries *shall remain under seal*, and redacted versions of the highlighted docket entries below shall be made public in accordance with this order.

| Docket entries | | | | | |
|---|---|---|---|---|---|
| 3 | 32 | 56 | 83 | 103 | 133 |
| 15 | 37 | 71 | 87 | 114 | 134 |
| 16 | 51 | 72 | 94 | 115 | 141 |
| 21 | 53 | 75 | 95 | 117 | 149 |
| 25 | 55 | 80 | 101 | 122 | 164-170 |

2.  The Clerk of Court is **DIRECTED** to contact the NRA's counsel to coordinate electronic delivery of complete versions of the 29 redacted pleadings approved by the court.

3.  No later than **September 1, 2023**, the NRA shall electronically deliver to the Clerk of Court complete versions of these 29 redacted pleadings in accordance with the Clerk of Court's instructions.

4. The Clerk of Court is **DIRECTED** to file the 29 redacted pleadings as of the date of their receipt.

5. Docket entries 164-170 shall remain under seal pending the court's review of those entries in conjunction with its approval of the public filing of the redacted CSA. No later than **September 7, 2023**, the parties shall show cause in writing why docket entries 164-170 should remain sealed. A party seeking to keep a specific docket entry or document under seal must demonstrate that the extent of sealing is congruent to the need and include a proposed public version of the motion, response, reply, brief, or appendix with any and all assertedly confidential information. Specifically, the party must submit to the court a pleading inclusive of (1) the enumerated docket entry a party seeks to remain under seal; (2) as to that enumerated docket entry or document, a line-by-line, page-by-page analysis explaining and briefing why the risks of disclosure outweigh the public's right to know; and (3) as to that enumerated docket entry or document, explains why no other viable alternative to sealing exists.

6. After the date of this order, a party seeking to file a pleading under seal must file a motion for leave to file that pleading under seal.

**SO ORDERED**.

August 25, 2023.

*C. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**