IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § | |
| Plaintiff, | § § | Civil No. 3:22-CV-01944-K |
| v. | § § | |
| ACKERMAN McQUEEN, INC., MERCURY GROUP, INC., and ANTHONY MAKRIS, | § § § § | |
| Defendants. | § § | |

# ORDER

The Court has reviewed Plaintiff National Rifle Association of America's ("NRA") pleadings under its obligation to assess subject matter jurisdiction *sua sponte*. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). The NRA invokes the Court's diversity of citizenship jurisdiction. Doc. No. 37 ¶ 21. It also asserts that the Court has jurisdiction because this case involves unspecified "issues and/or violations of federal law." *Id.* ¶ 22. The Court concludes that the NRA has not sufficiently alleged a basis for either form of jurisdiction.

Insofar as the NRA invokes the Court's diversity jurisdiction, it must "distinctly and affirmatively" allege the citizenship of each party to enable the Court to determine whether the NRA's citizenship differs from the citizenship of each Defendant. *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). The Court finds that it has not.

First, the NRA alleges that Defendant Anthony Makris resides in South Carolina, but "residency is not citizenship" for purposes of diversity jurisdiction. *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 408 (5th Cir. 2023).

Second, the NRA has not sufficiently alleged that Defendant Mercury Group, Inc.'s ("Mercury Group") citizenship is diverse from the NRA's. A corporation generally is the citizen of its state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). The NRA alleges that it has a principal place of business in Virginia and that Mercury Group had its principal place of business in Virginia. Doc. No. 37 ¶¶ 15–17. This suggests that the NRA and Mercury Group may share Virginia citizenship. It is not dispositive because an inactive corporation, unlike an active corporation, is not always a citizen of the state where it last undertook business activities. The location and nature of those activities and the period during which they occurred are relevant in determining whether and where the inactive corporation has a principal place of business. *Classic Americana, LLC. v. Adell*, 2020 WL 2735747, at *3 (N.D. Tex. May 26, 2020) (Horan, M.J.); *cf. also Harris v. Black Clawson Co.*, 961 F.2d 547, 551 (5th Cir. 1992). The NRA has not provided the Court with information about Mercury Group's activities in Virginia. The Court therefore cannot determine whether Mercury Group is or is not a citizen of Virginia and cannot conclude that Mercury Group's citizenship is diverse from the NRA's.

Insofar as the NRA invokes the Court's jurisdiction over cases arising under federal law, 28 U.S.C. § 1331, the NRA must meet one of two jurisdictional standards that may be relevant here. The NRA must assert a "right to recovery based on federal law" on the face of its complaint, *La. Indep. Pharmacies Ass'n v. Express Scripts, Inc.*, 41 F.4th 473, 478 (5th Cir. 2022), or it must assert a right to recovery based on state law that "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The NRA does not appear to satisfy either standard, nor does the NRA attempt to explain how it does so.

Accordingly, the Court **ORDERS** the NRA to amend its complaint to properly allege a basis for the Court's jurisdiction no later than July 2, 2024. The Court reminds the NRA that "[d]iversity of citizenship is to be determined according to the facts as they existed at the time of the institution of the lawsuit," which, as to Mercury Group, was September 1, 2022. *Am. Found., Inc. v. Mountain Lake Corp.*, 454 F.2d 200, 202

5th Cir. 1972) (per curiam).  Failure to timely comply with this order **WILL RESULT** in dismissal of the NRA's claims without prejudice for lack of jurisdiction.

The Court administratively closes this case pending a determination of the Court's jurisdiction.  The Clerk is therefore instructed to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records.

**SO ORDERED.**

Signed June 18th, 2024.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

4