IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § | |
| *Plaintiff*, | § § | Civil Action No. 3:22-CV-1944-K-BT |
| v. | § § | The Honorable Ed Kinkeade, presiding. |
| ACKERMAN McQUEEN, INC., MERCURY GROUP, INC. and ANTHONY MAKRIS, | § § § § | |
| *Defendants*. | § | |

**PUBLIC BRIEF IN SUPPORT OF PLAINTIFF NATIONAL RIFLE ASSOCIATION OF AMERICA'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL**

i

Plaintiff National Rifle Association of America (the "NRA") files this Public Brief in Support of its Unopposed Motion for Leave to File Under Seal and would respectfully show the Court as follows:

## I. INTRODUCTION

The NRA brought this lawsuit on or about September 12, 2022, alleging claims for breach of contract, breach of fiduciary duty, fraud, and declaratory judgment against the Defendants. Following the Court's *sua sponte* Order assessing subject matter jurisdiction [Dkt. 210], the parties have engaged in approximately eight months of briefing and discovery to resolve this issue. The crux of the dispute appears to be whether Mercury Group, Inc. ("MG") was diverse from the NRA at the time this suit was filed. The final brief permitted by the Court is the NRA's Reply to Defendants' Supplemental Brief in Opposition to Jurisdiction (the "Reply"), which the Court ordered the NRA to file by February 28, 2025. [Dkt. 241].

The NRA seeks leave to file this Reply brief under seal or, alternatively, as a redacted version to prevent full public disclosure of the terms of the parties' Confidential Settlement Agreement ("CSA") at issue in this case. The Court, in its August 25, 2023 Order, allowed the NRA to file a redacted version of the CSA, noting the public policy firmly encouraging voluntary settlements. [Dkt. 171]. The Court also maintains an unredacted copy of the CSA filed under seal. [*See, e.g.*, Dkt. 3 at pp. 29-30].

In its Reply, the NRA directs the Court's attention to a portion of the CSA that the Court has already permitted the NRA to file redacted. This portion of the CSA buttresses the NRA's jurisdictional arguments—specifically that MG was not a citizen of the state of Virginia for jurisdictional purposes at the time this suit was filed. The NRA believes that this information will

1

be useful to the Court in its jurisdictional analysis. However, the NRA wishes to maintain the confidentiality of the CSA, as already permitted by the Court. [Dkt. 171].

## II. ARGUMENT

Although the public has a common-law right to inspect and copy judicial records, that right is not absolute. *See Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597-98 (1978). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id*. In exercising its discretion to seal judicial records, "the court must balance the public's common-law right of access against the interests favoring nondisclosure." S.*E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *see also Nixon*, 435 U.S. at 599 (stating that the court must consider "relevant facts and circumstances of the particular case.") The confidential and sensitive nature of the CSA warrants nondisclosure.

Indeed, the Court has already made this determination as to the CSA in its August 25, 2023 Order: "[T]he court will unseal the case but permit the NRA to file the proposed redacted CSA . . . Here, the sealings are congruent with the demonstrated needs.". [Dkt. 171 at pp. 3-4].

Pursuant to the Court's February 26, 2025 Order regarding sealing documents [Dkt. 243], the NRA generally describes the portions of its Reply sought to be sealed as follows:

The NRA seeks to seal the portions of its Reply that refer and cite to the already-redacted portions of the CSA. This redacted portion of the CSA contains information concerning the signatories of the CSA, which the NRA has already been permitted to redact. The risks of disclosure outweigh the public's common law right of access because, as the Court concluded, "the public policy of promoting settlement generally outweighs the public's common law right of

access to the judicial record." [Dkt. 171 at p. 4.]. As such, the NRA wishes to maintain the confidentiality of the signatories to the CSA.

Finally, the NRA notes that this relief is not opposed by the Defendants herein.

### III.  CONCLUSION AND PRAYER

Wherefore, premises considered, the NRA requests that the Court grant its Unopposed Motion for Leave to File Under Seal consistent with the proposed order submitted herewith and grant the NRA any such other relief to which it may be justly entitled.

>Respectfully Submitted,
>
>**FOLEY & LARDNER LLP**
>
>By: */s/ Todd A. Murray*
>Todd A. Murray
>Texas Bar No. 24066812
>Andrew A. Howell
>Texas Bar No. 24072818
>2021 McKinney Ave., Suite 1600
>Dallas, TX 75201-3340
>tmurray@foley.com
>ahowell@foley.com
>
>*Counsel for Plaintiff*
>*National Rifle Association of America*

### CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2025, I caused the foregoing document to be filed using the Court's CM/ECF System, which caused it to be served upon those parties registered in the system to electronically receive such service.

>/s/ *Andrew A. Howell*
>Andrew A. Howell

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 26, 2025, I conferred with Jay Madrid, counsel for Ackerman McQueen, Inc. and Mercury Group, Inc., as well as James Robertson, counsel for Anthony Makris, regarding the relief sought in this motion. Counsel informed me that they are unopposed to the relief sought herein.

/s/ *Andrew A. Howell*
Andrew A. Howell