IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § | |
| Plaintiff, | § § | Civil No. 3:22-CV-01944-K |
| v. | § § | |
| ACKERMAN McQUEEN, INC., MERCURY GROUP, INC., and ANTHONY MAKRIS, | § § § § | |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiff National Rifle Association of America's (the "NRA") Unopposed Motion for Leave to File Under Seal (the "Motion to Seal") (Doc. No. 245),and Plaintiff's Briefs in Support (Doc. Nos. 246 (public brief) & 247 (sealed brief)). The Court concludes that the NRA has established with enough support and particularity that the secrecy of the information sought to be sealed outweighs the public's right to inspect the records of this Court and that redacting this information is congruent to the need. Accordingly, the Court **GRANTS** the NRA's Motion to Seal.

In accordance with this Court's sealing order (Doc. No. 243), the NRA has filed with its Motion to Seal a public brief and sealed brief to support its request to file a redacted version of its Reply to Defendants' Supplemental Brief in Opposition to Jurisdiction (the "Sealed Reply")(Doc. No. 248). In its Motion to Seal, the NRA requests the Court grant leave to redact certain lines and pages of its Sealed Reply and

1

filed an unredacted versions of this document with the Court. The redactions the NRA seeks relate to keeping confidential the signatories of the previously sealed confidential settlement agreement. *See* Doc. No. 171.

The NRA seeks to redact the following from its Sealed Reply (referencing ECF numbers from Doc. No. 248): page 2 (paragraph 2, last sentence); page 2 (footnote 2); and page 6 (section c.2). Defendants are unopposed to the request to seal (*see* Doc. No. 245 at 3), but an agreement between the parties to seal documents or a lack of opposition from the non-movant "does nothing to carry the movant's burden on the motion." *Trans Tool, LLC v. All State Gear Inc.*, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022). Mindful of "the working presumption [] that judicial records should not be sealed", the Court reviewed the request, page-by-page and line-by-line in weighing "the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021).

The Court finds that the NRA explained with sufficient particularity the need to maintain the confidentiality of the agreement the Court previously sealed. *See Trans Tool*, 2022 WL 608945, at *6 (the party seeking secrecy "must explain in particularity the necessity for sealing" which "may require them to address the submitted sealed documents on the same line-by-line basis that the court must ultimately apply.") (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019) (internal quotations omitted)). The confidential settlement agreement is not in the public record and was previously sealed by the Court. Doc. No. 171. On this

briefing and record, the Court finds that the NRA rebutted "the presumption of openness" as to certain information with its showing of "compelling countervailing interests favoring nondisclosure." *Le*, 990 F.3d at 421. Further, the minimal redactions the NRA seeks are "congruent to the need." *Id.* at 420.

As the NRA has established that its interest in certain information remaining sealed outweighs the public's common law right to access, the Court finds the following redactions to the NRA's Sealed Reply (Doc. No. 248) are warranted and congruent to the need: page 2 (paragraph 2, last sentence); page 2 (footnote 2); page 6 (section c.2). Accordingly, the Court **GRANTS** the NRA's Motion to Seal.  The NRA shall file a **PUBLIC** Reply to Defendants' Supplemental Brief in Opposition to Jurisdiction containing these redactions, in accordance with this Order, by **April 22, 2025.**  This filing shall be deemed timely filed.

**SO ORDERED.**

Signed April 1st, 2025.

_____
ED KINKEADE
U.S. DISTRICT COURT JUDGE