# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § § § | Civil Action No. 3:22-CV-1944-K-BT |
| | § § | The Honorable Ed Kinkeade, Presiding. |
| Plaintiff, | § § | |
| v. | § § | |
| ACKERMAN McQUEEN, INC., MERCURY GROUP, INC., and ANTHONY MAKRIS | § § § § | |
| Defendants. | § | |

## BRIEF IN SUPPORT OF ACKERMAN McQUEEN, INC. AND MERCURY GROUP, INC.'S APPLICATION FOR AWARD OF ATTORNEYS' FEES

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT AND AUTHORITIES ........................................................................ 2

      A.    AMc Parties are Entitled to Recover their Reasonable Attorneys' Fees. ................................................................................................................. 3

            i.    Determination of Reasonable Fees. ............................................... 5

                  a.    Base lodestar calculation. ..................................................... 5

                  b.    Enhancement of the base amount. ...................................... 7

            ii.    Discussion of Rohrmoos, Johnson, Arthur Anderson and other legal authority. ..................................................................... 8

      B.    The AMc Parties are Entitled to Recover its Costs. ............................... 8

III. CONCLUSION ......................................................................................................... 9

IV. PRAYER ................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arthur Andersen v. Perry Equipment Corp.*,
   945 S.W.2d 812 (Tex. 1997)....................................................................................... 5

*Blum v. Stenson*,
   465 U.S. 886 (1984) .................................................................................................... 5

BMC Software,
   2022 U.S. Dist. LEXIS 140303................................................................................... 9

*Cloud v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*,
   83 F.4th 423 (5th Cir. 2023) ...................................................................................... 6

*Hancock v. Chi. Title Ins. Co.*,
   Civil Action No. 3:07-CV-1441-D, 2013 U.S. Dist. LEXIS 77394
   (N.D. Tex. June 3, 2013)............................................................................................. 8

*Jiwani v. United Cellular, Inc.*,
   No. 3:13-cv-4243-M-BK, 2014 WL 4805781 (N.D. Tex. Sept. 29,
   2014)............................................................................................................................ 6

*Johnson v. Ga. Highway Express, Inc.*,
   488 F.2d 714 (5th Cir. 1974) ..................................................................................... 5

*Perdue v. Kenny A.*,
   559 U.S. 542 (2010) .................................................................................................... 6

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*,
   382 F.3d 546 (5th Cir. 2004) ..................................................................................... 6

*Rohrmoos Venture v. UTSW DVA Helathcare*,
   LLP, 578 S.W.3d 469 (Tex. 2019)................................................... 2, 3, 4, 5, 6, 7, 8

*Saizan v. Delta Concrete Prods. Co.*,
   448 F.3d 795 (5th Cir. 2006) ..................................................................................... 6

*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*,
   685 F.3d 486 (5th Cir. 2012) ..................................................................................... 5

*Tex. Int'l Prop. Assocs. v. Hoerbiger Holding AG*,
   Civil Action No. 3:07-CV-2099-K, 2009 U.S. Dist. LEXIS 136499
   (N.D. Tex. 2009).......................................................................................................... 3

*Tollett v. City of Kemah,*
    285 F.3d 357 (5th Cir. 2002) ...................................................................... 5

*Virtuolotry, LLC v. Westwood Motorcars, LLC,*
    No. 05-19-01055-CV, 2024 Tex. App. LEXIS 6835, 2024 WL
    4211328 (Tex. App.—Dallas Sept. 17, 2024, no pet. h.).......................... 9

*Watkins v. Fordice,*
    7 F.3d 453 (5th Cir. 1993) ........................................................................ 6

**Statutes**

§ 1920 ............................................................................................................ 8, 9

**Other Authorities**

Rule 1.04 ....................................................................................................... 5, 7

Rule 41 .......................................................................................................... 2, 3

**TO THE HONORABLE ED KINKEADE, PRESIDING JUDGE:**

Defendants Ackerman McQueen, Inc. ("AMc") and Mercury Group, Inc. ("MG") (together the "AMc Parties" or "Applicants") file this Brief in Support of their Application for Award of Attorneys' Fees ("Application"), respectfully showing the following:

## I.

## INTRODUCTION

On September 1, 2022, National Rifle Association of America, Inc. ("NRA" or "Plaintiff") brought suit against the AMc Parties for breach of a Confidential Settlement Agreement ("CSA") entered into by the NRA and the AMc Parties as a result of a separate lawsuit. Plaintiff claims that the AMc Parties breached the CSA by allowing a third-party, Under Wild Skies ("UWS"), purportedly an "affiliate of" or entity "related to" the AMc Parties,[1] to bring suit against the NRA in Virginia. However, the Virginia court had already rejected that argument in separate rulings, the effect of which was to lay that issue to rest after being fully litigated.

Despite this, over the course of three years, the parties engaged in dispositive motions, discovery battles, jurisdictional issues, and even preparation for trial. After being granted leave to file an Amended Motion for Summary Judgment (the "Amended MSJ"), the AMc Parties filed its motion based upon *res judicata* and collateral estoppel, properly arguing that Plaintiff's sole claim against the AMc Parties was barred as Plaintiff had already raised the core issue of whether the CSA

---

[1] "Affiliates of" and entities "related to the AMc Parties" were among the entities covered by the Release Provision in the CSA.

prevented UWS from bringing suit against the NRA in the Virginia court ("UWS Litigation"). Conceding the obvious, and rather than file a response to the Amended MSJ, Plaintiff chose to surrender. It filed a Motion Pursuant to Rule 41 for Voluntary Dismissal with Prejudice. ECF No. 274.

After the Parties filed a Joint Notice of No Opposition (ECF No. 275), this Court entered its Order of November 17,2023 ("the Dismissal Order") awarding the AMc Parties their reasonable and necessary attorneys' fees, requiring this Application to be filed within 30 days of entry. Thus, the AMc Parties file this Brief in Support of its Application for an Award of Attorneys' Fees.

This Brief applies the two-step "Lodestar" process as required by *Rohrmoos Venture v. UTSW DVA Helathcare*, LLP, 578 S.W.3d 469, 487 (Tex. 2019), supported by a Declaration of the AMc Parties' lead counsel, Jay J. Madrid (the "Madrid Decl."), and a Declaration by a retained expert, D. Patrick Long (the "Long Decl."). Through this evidence, as stated herein, the AMc Parties seek attorneys' fees and costs of $1,184,267.00 and $33,564.62 respectively, as reasonable and necessary fees and costs.

## II.

## ARGUMENT AND AUTHORITIES

In the Dismissal Order, the Court awarded "Defendants their reasonable and necessary attorneys' fees and court costs." ECF No. 277.

Likewise, under Section 14(f) of the parties' CSA provides:

> [i]n the event that any Party hereto shall bring an action seeking damages for a breach of, or enforcement of this Agreement, or any provision hereof, against any other Party hereto, any **Party** to such

action ultimately **prevailing** as to the substantive issues in such action that be entitled . . . to recover . . . **all fees and expenses** of counsel retained . . . in connection with such action. (emphasis added).

Additionally, in Plaintiff's Motion Pursuant to Rule 41 for Voluntary Dismissal with Prejudice and Brief in Support (ECF No. 274), and the Joint Notice of No Opposition to Plaintiff's Motion Pursuant to Rule 41 for Voluntary Dismissal with Prejudice (ECF No. 275), Plaintiff effectively consents to the AMc Parties seeking its reasonable and necessary attorneys' fees.[2]

Thus, in accordance with this Order and the CSA, the AMc Parties bring this Application to recover its expenses and costs incurred with this lawsuit, including its reasonable attorneys' fees.

### A.    AMc Parties are Entitled to Recover their Reasonable Attorneys' Fees.

In Texas, the award of attorneys' fees involves a two-step process:

[T]o secure an award of attorney's fees from an opponent, the prevailing party must prove that (1) recovery of attorney's fees is legally authorized, and (2) the requested attorney's fees are reasonable and necessary for the legal representation, so that such an award will compensate the prevailing party generally for its losses resulting from the litigation process.

*Rohrmoos Venture v. UTSW DVA Helathcare*, LLP, 578 S.W.3d 469, 487 (Tex. 2019); *Tex. Int'l Prop. Assocs. v. Hoerbiger Holding AG*, Civil Action No. 3:07-CV-2099-K, 2009 U.S. Dist. LEXIS 136499, at *2 (N.D. Tex. 2009) (J. Ed. Kinkeade).

---

[2] Plaintiff's Motion Pursuant to Rule 41 for Voluntary Dismissal with Prejudice and Brief in Support (ECF No. 274) ("Nevertheless, Plaintiff understands that this Court may, in its discretion, award Defendants recovery of their reasonable and necessary costs and fees, and Plaintiff accepts those conditions."); Joint Notice of No Opposition to Plaintiff's Motion Pursuant to Rule 41 for Voluntary dismissal with Prejudice (ECF No. 275) ("Defendants did not oppose granting of the Motion as long as they were given the opportunity to seek fees and costs post-dismissal . . . .").

The recovery of attorneys' fees in this case is legally authorized under the parties' CSA in recognition of the AMc Parties being a "prevailing party". This case was a dispute between the parties concerning the terms and provisions of the CSA. To "prevail" means to obtain actual and meaningful relief that materially alters the legal relationship of the parties. *Rohrmoos Venture*, 578 S.W.3d at 485 (citing *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 & n.7 (Tex. 2009)). A plaintiff is a prevailing party if the court awards the plaintiff an enforceable judgment in the form of monetary damages or equitable relief, including declaratory relief. *Id.* A defendant prevails by successfully defending against a claim, which typically means securing a take-nothing judgment on the main issue or issues in the case, whether on the merits or otherwise. *Id.*

Here, the Court's Order dismissed this lawsuit <u>with prejudice</u>, based upon Plaintiff's motion for voluntary dismissal (ECF No. 274)—filed two days after the AMc Parties filed its Amended Motion for Summary Judgment (ECF No. 271)—and thereby awarded a take-nothing judgment in the AMc Parties favor on Plaintiff's claims and awarded Defendants their reasonable and necessary attorneys' fees. Therefore, the AMc Parties are unquestionably the "prevailing" parties and is entitled to recover all costs incurred herein, including reasonable attorneys' fees, from Plaintiff accordingly.

### i.    Determination of Reasonable Fees.

The AMc Parties seek to recover $1,184,267.00 in attorneys' fees, and those fees are reasonable.  In Texas, the lodestar method is the proper method of proving that fees are reasonable.  *Rohrmoos*, 578 S.W.3d at 496, 498.

### a.    Base lodestar calculation.

The lodestar method is a two-step process.  The first step is the base calculation.  *Id.*  In making this calculation, the factfinder determines (1) the reasonable hourly rate for each attorney and legal assistant that worked on the matter, and (2) the reasonable hours for the necessary services provided.  *Id.*  To prove the reasonable hourly rate for each attorney and legal assistant that worked on the matter and the reasonable hours for the necessary services provided, the factors laid out in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 715 (5th Cir. 1974); *Arthur Andersen v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), and Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct are the primary guide. *Rohrmoos*, 587 S.W.3d at 500.

With respect to rates, courts consider "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant legal community is the community where the district court sits.  *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).  "The affidavits of counsel may alone be sufficient proof" of the reasonable hourly rate. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012). Evidence of prevailing rates in the relevant community may also be established by other means, including

by reference to attorney fee awards in similar cases. *Jiwani v. United Cellular, Inc.*, No. 3:13-cv-4243-M-BK, 2014 WL 4805781, at *4 (N.D. Tex. Sept. 29, 2014) (recognizing that a fee applicant may establish the reasonableness of hourly rates by reference to fee awards in the same district). Moreover, trial courts themselves are considered experts who can gauge the reasonableness of attorneys' fees. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (citing *In re TMT Trailer Ferry, Inc.*, 577 F.2d 1296, 1304 (5th Cir. 1978)), *Cloud v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, 83 F.4th 423 (5th Cir. 2023)

With respect to hours, "[t]he party seeking attorney's fees must present adequately documented time records to the court." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Whether the hours worked were reasonable will generally depend on the time and labor required, the novelty and difficulty of the issues involved, the amount involved, and the results obtained. *Rohrmoos*, 587 S.W.3d at 500.

Each reasonable hourly rate is multiplied by the corresponding reasonable number of hours to produce a total amount (sometimes called the base or base lodestar amount). *Id.* When supported by sufficient evidence, this total is presumed to reflect the reasonable and necessary fees that may be shifted. *Id.* at 497-501. There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006). The AMc Parties have met this requirement, and submitted the unredacted Omnibus Bill provided by its counsel (Ex. "A-1" to Madrid

Decl.) which contains detailed data depicting date, activity, billing person, time incurred, hourly rate and total billed for that activity.

### b.    Enhancement of the base amount.

Once the base amount is calculated, the factfinder must determine whether an enhancement or reduction of that amount is warranted based on "relevant considerations." *Rohrmoos*, 587 S.W.3d at 500. The Texas Supreme Court in *Rohrmoos* did not explicitly define what those considerations were, but its references to the Arthur Andersen considerations imply that the factors set forth in *Johnson*, *Arthur Andersen*, and Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct are the most likely source of possible bases for adjustment.

That said, the Texas Supreme Court also held that an adjustment of the base amount cannot be justified by a factor included in the base calculation. *Rohrmoos*, 578 S.W.3d at 500. Per the Court, the base calculation usually includes "at least" the following factors:

- the time and labor required;

- the novelty and difficulty of the question involved;

- the skill required to perform the legal service properly;

- the fee customarily charged in the locality for similar legal services;

- the amount involved;

- the experience, reputation, and ability of the lawyer or lawyers performing the services;

- whether the fee is fixed or contingent on results obtained;

- the uncertainty of collection before the legal services have been rendered; and

- the results obtained.

*Id.*   Thus, this leaves three considerations available for determining an adjustment: (i) preclusion from other employment; (ii) time limits imposed by the client or circumstances; and (iii) the nature and length of the attorney's professional relationship with the client.

### ii.   Discussion of *Rohrmoos, Johnson, Arthur Anderson* and other legal authority.

The Madrid Decl. (App. 1-34) sets forth in detail the two-step Lodestar process, applied in Texas and provides opinions regarding both the Lodestar process and the *Arthur Anderson* factors.  All such discussion is developed in detail to which reference is made.

## B.   The AMc Parties are Entitled to Recover its Costs.

The AMc Parties are also contractually entitled to recover all costs incurred in this dispute, including expert witness fees, data hosting fees, postage and overnight delivery charges, and travel expenses.  "Parties to a contract are free to allocate among themselves the costs of litigation arising from the contract." *Hancock v. Chi. Title Ins. Co.*, Civil Action No. 3:07-CV-1441-D, 2013 U.S. Dist. LEXIS 77394, at *40-41 (N.D. Tex. June 3, 2013).  And, in doing so, the parties are not limited to taxable court costs under § 1920.  *See id.* (contract awarding prevailing party "administrative costs and other costs incurred" was broader than § 1920 and included expert witness fees, delivery and messenger expenses, charges for graphical design, and parking

fees); BMC Software, 2022 U.S. Dist. LEXIS 140303, at *22 (contract permitting prevailing party to recover "reasonable and customary . . . costs" was broader than § 1920 and included costs incurred from delivery and postage services, document production costs, and expert witness fees, among others); *see also Virtuolotry, LLC v. Westwood Motorcars, LLC*, No. 05-19-01055-CV, 2024 Tex. App. LEXIS 6835, at *41, 2024 WL 4211328, at *14 (Tex. App.—Dallas Sept. 17, 2024, no pet. h.) ("costs," as used in contract, was not synonymous with "court costs" and permitted recovery of expert witness fees).

Here, the parties did exactly that. The CSA broadly requires an award to the prevailing party of "all costs incurred in [this] dispute . . . ." The term "costs" is obviously intended to be broader than taxable court costs since it "include[es] reasonable attorneys' fees," which are not taxable court costs under § 1920. Thus, the AMc Parties are entitled to recover all costs, including data hosting fees, and postage and overnight delivery charges.

The sum of $1,217,831.62 is sought, if any, as determined by the Court. In my opinion, these costs are properly includible as reasonable and necessary for the defense of the case and to properly submit this Application.

### III.

### CONCLUSION

The AMc Parties respectfully request that this Court award reasonable and necessary attorneys' fees and costs in the amount of $**1,217,831.62** as the AMc Parties are the prevailing party under the CSA.

## IV.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** the AMc Parties pray that upon hearing, this Honorable Court GRANT their Application for Award of Attorneys' Fees consistent with the proposed Order submitted herewith, and grant the AMc Parties such other relief to which they may show themselves entitled.

Respectfully submitted,

Dated:  December 17, 2025

*/s/Jay J. Madrid*
**Jay J. Madrid**
State Bar No. 12802000
madrid.jay@dorsey.com
**Brian Vanderwoude**
State Bar No. 24047558
vanderwoude.brian@dorsey.com
**Monica Niewiarowski**
State Bar No. 24105877
niewiarowski.monica@dorsey.com
**Alexa N. Balderrama**
State Bar No. 24123976
balderrama.alexa@dorsey.com
**Dorsey & Whitney LLP**
200 Crescent Ct, Suite 1600
Dallas, TX 75201
214 981-9900(main)
214 981-9901(facsimile)

**ATTORNEYS FOR ACKERMAN MCQUEEN, INC. AND MERCURY GROUP, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 17, 2025, a true and correct copy of the foregoing instrument was served on the following, as identified below, in accordance with Federal Rule of Civil Procedure 5.

Todd A. Murray
Andrew A. Howell
Beau Gould
FOLEY & LARDNER LLP
2021 McKinney Ave., Suite 1600
Dallas, TX 75201
tmurray@foley.com
ahowell@foley.com
bgould@foley.com

James S. Robertson, III
GLAST, PHILLIPS & MURRAY, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254
jrobertson@gpm-law.com

Matthew Davis
SANDERS COLLINS PLLC
6301 Gaston Ave, Suite 1121
Dallas, TX 75214
mdavis@sandercollins.com
*Attorneys for Plaintiff National Rifle
Association of America*

*/s/ Jay J. Madrid*
Jay J. Madrid

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a), the undersigned hereby certifies that he conferred with Plaintiff's counsel, Todd Murray, regarding the AMc Parties Application. He indicated an inability to take a position in that invoices and expenses were not produced in advance of the due date of the filing. Only the approximate amount of fees ($1,200,000) was previously provided, and the Application itself was not completed, lacking its independent expert report.

*/s/ Jay J. Madrid*
Jay J. Madrid