IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NATIONAL RIFLE ASSOCIATION OF   §
AMERICA,                        §
                                §
        Plaintiff,              §
                                §        Civil Action No. 3:22-CV-1944-K
v.                              §
                                §
ACKERMAN MCQUEEN, INC.,         §
MERCURY GROUP, INC., and        §
ANTHONY MAKRIS,                 §
                                §
        Defendants.             §

## ORDER

Before the Court are Defendants Ackerman McQueen, Inc. ("Ackerman") and

Mercury Group, Inc.'s ("Mercury" and, together, the "AM Defendants") Application

for Award of Attorneys' Fees and Costs (Doc. No. 279) and Brief in Support (Doc. No.

280) (together, the "AM Motion"), Plaintiff National Rifle Association of America's

("NRA") Response to the AM Motion (the "Response to the AM Motion") (Doc. No.

289), and the AM Defendants' Reply in Support of Their Motion (the "AM Reply")

(Doc. No. 293). Also before the Court are Defendant Anthony Makris' ("Makris")

Evidence of Attorney Fees and Court Costs and Request for Award (Doc. No. 278),

which the Court construes as a motion for attorneys' fees (hereafter, the "Makris

Motion"), NRA's Response to the Makris Motion (Doc. No. 287), and Defendant

Anthony Makris' Reply to NRA's Response to the Makris Motion (the "Makris Reply")

(Doc. No. 294). Having carefully considered the motions, the responses, and the

1

replies, as well as the supporting appendices, the applicable law, and the relevant portions of the record, the Court **GRANTS in part** and **DENIES in part** the AM Motion and the Makris Motion.

I.    **Factual Background**

Plaintiff NRA brought this case against Defendants Ackerman, Mercury, and Makris, alleging claims for breach of contract, breach of fiduciary duty, and fraud, all arising out of a previous Confidential Settlement Agreement between the NRA, Ackerman, and Mercury. *See* Doc. No. 211 (Plaintiff's Third Amended Complaint). In February of 2025, the NRA retained new counsel in this matter. Doc. No. 289 at 5 (all citations to CM/ECF page numbers unless otherwise noted). In October of 2025, the NRA filed its Motion Pursuant to Rule 41 for Voluntary Dismissal with Prejudice and Brief in Support. *See* Doc. No. 274. In that motion, the NRA stated that it understood "the Court may order that Plaintiff pay Defendants' reasonable attorneys' fees as a condition for dismissal." *Id.* at 1. Thereafter, the parties filed their Joint Notice of No Opposition to Plaintiff's Motion Pursuant to Rule 41 for Voluntary Dismissal with Prejudice. *See* Doc. No. 275.

On November 17, 2025, the Court entered its Order of Dismissal (Doc. No. 277). In that order, the Court expressly "award[ed] Defendants their reasonable and necessary attorneys' fees and court costs." Doc. No. 277 at 1. The Court also ordered Defendants to submit evidence of their attorneys' fees and courts costs within 30 days. *Id.* at 2. All Defendants timely did so, to which the NRA responded and Defendants

2

replied. Therefore, the AM Motion and the Makris Motion are now ripe for determination.

## II.    Legal Standards

In determining a reasonable award of attorneys' fees, the Court applies the "lodestar" method. *See Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). This method is applied "by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *US Bank Nat'l Ass'n v. White*, Civ. Action No. 3:24-CV-1212-K-BN, 2025 WL 2981629, at *2 (N.D. Tex. Oct. 3, 2025) (Horan, M.J.) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)), *report and recommendation adopted by* 2025 WL 2980644 (N.D. Tex. Oct. 22, 2025) (Kinkeade, J.). The burden is on the movant to "establish[] the number of hours expended through the presentation of adequately recorded time records as evidence." *Id.* (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)). The burden is also on the movant "to produce satisfactory evidence—in addition to the attorneys' own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

The lodestar amount is "presumptively reasonable." *Colhouer v. Nationwide Mut. Ins. Co.*, Civ. Action No. 3:24-CV-2869-K, 2025 WL 1838935, at *2 (N.D. Tex. July 3, 2025) (McKay, M.J.). Accordingly, although the Court may enhance or reduce the

lodestar amount, such amounts "should be modified only in exceptional cases." *Watkins*, 7 F.3d at 457.

### III.    Analysis

In the AM Motion, the AM Defendants request $1,184,267.00 in attorneys' fees and $33,564.62 in costs. Doc. No. 280 at 5. The AM Defendants also request an upward enhancement of the base lodestar amount. *Id.* at 11. In support of their request, the AM Defendants submit extensive documentary evidence, such as the Declaration of Jay J. Madrid (Doc. No. 281 at 7–39 (listed as "Exhibit A")), an omnibus invoice for hours and fees related to this case (Doc. No. 281 at 41–171 (listed as "Exhibit A-1")), and the expert report of David Patrick Long, an attorney retained by the AM Defendants as an expert on the reasonableness and necessity of the AM Defendants' attorneys' fees in this case (Doc. No. 281 at 209–217 (listed as "Exhibit C")). The NRA "largely agrees to pay Defendants' requested attorneys' fees and costs," but it differs slightly on the base amount of attorneys' fees and opposes the AM Defendants' request for an upward enhancement. Doc. No. 289 at 2. In support of its argument, the NRA provides the Declaration of Russell F. Nelms Regarding Attorney's Fees of Dorsey & Whitney LLP (Doc. No. 290). Russell F. Nelms is the NRA's expert on the AM Defendants' and Makris' reasonable attorneys' fees.

Likewise, in the Makris Motion, Defendant Anthony Makris requests $234,026.25 in attorneys' fees and $8,226.83 in costs, "which [] include[s] fees paid to mediators." Doc. No. 278 at 2. Makris also requests an upward enhancement that

would result in a doubling of the requested attorneys' fees. *Id.* In support of his request, Makris submits the Declaration of James S. Robertson, III (Doc. No. 278-1), which includes extensive time and billing records for this case, the Declaration of Steven C. Bankhead (Doc. No. 278-2), and the Declaration of Defendant Anthony Spero Makris (Doc. No. 278-3). Much like its opposition to the AM Motion, the NRA does not oppose Makris' request for attorneys' fees and costs. Doc. No. 287 at 2. However, the NRA does oppose "Makris' request for a 100% upward adjustment of his attorneys' fees and costs." *Id.* In support of its argument related to the Makris Motion, the NRA also provides the Declaration of Russell F. Nelms Regarding Attorneys' Fees of James S. Robertson, III (Doc. No. 288).

For the following reasons, the Court **GRANTS in part** and **DENIES in part** both the AM Motion and the Makris Motion, with modification.

### A.    The AM Motion

As stated above, the AM Defendants request that the Court award them attorneys' fees in the amount of $1,184,267.00 and costs in the amount of $33,564.62. Doc. No. 280 at 5. However, the Declaration of Jay J. Madrid, lead counsel-of-record for the AM Defendants, makes clear that the AM Defendants "defer to independent expert [David Patrick Long] with respect to any discount beyond the ones already extended." Doc. No. 281 at 37. The AM Defendants' expert, David Patrick Long, calculates that the base lodestar amount for the AM Defendants' reasonable and necessary attorneys' fees is $1,175,702.38. *Id.* at 215. On the other hand, the NRA

asks the Court to award a slightly *higher* amount of attorneys' fees, in the amount of $1,177,379.40. Doc. No. 289 at 4 (emphasis added). The Court finds that the amount calculated by David Patrick Long, $1,175,702.38, is the reasonable and necessary amount of the AM Defendants' attorneys' fees and that the AM Defendants are entitled to said fees. Further, the AM Defendants request an award of costs in the amount of $33,564.62, to which the NRA does not object. Doc. No. 280 at 6; *see also* Doc. No. 289 at 4. The Court finds sufficient documentation for these costs and that the AM Defendants are entitled to their costs totaling $33,564.62.

The AM Defendants also request an upward enhancement of their attorneys' fees "based upon the result achieved in the case." Doc. No. 279 at 2. Even though the Court may enhance an award of attorneys' fees, it should do so "only in exceptional cases." *Watkins*, 7 F.3d at 457. Having carefully considered the circumstances of this case, the Court does not find that an upward enhancement is warranted.

Accordingly, the Court **GRANTS** the AM Motion as to the AM Defendants' request for attorneys' fees and costs. The Court finds that the AM Defendants are entitled to their costs in the amount of $33,564.62. However, the Court finds that the fee award recommended by David Patrick Long, the AM Defendants' expert, is the reasonable and necessary amount in this case and, therefore, finds that the AM Defendants are entitled to their reasonable and necessary attorneys' fees in the amount of $1,175,702.38. The Court further **DENIES** the AM Defendants' request for an upward enhancement of its attorneys' fees.

### B.    The Makris Motion

Defendant Anthony Makris requests that the Court award him his attorneys' fees in the amount of $234,026.25 and costs in the amount of $8,226.83, which includes the fee he paid to the mediator in this case. Doc. No. 278 at 2. Makris supports his request with the Declaration of James S. Robertson, III, lead counsel-of-record for Makris in this case. *See* Doc. No. 278-1. In this declaration, Makris provides the Court with extensive time and billing records. *See id.* at 16–109. The NRA does not object to Makris' requested amount of attorneys' fees. Doc. No. 287 at 5. The Court finds that the requested amount of $234,026.25 is the reasonable and necessary amount of attorneys' fees and that Defendant Anthony Makris is entitled to said fees. Makris also requests an award of $3,726.83 in costs incurred by Makris' attorney, to which the NRA does not object. Doc. No. 294 at 5; Doc. No. 287 at 3. The Court finds sufficient documentation for these costs and awards Makris such costs. However, Makris further requests an additional award of costs of $4,500, which represents the mediator's fee paid by Makris. Doc. No. 294 at 5. However, the Court does not find that Makris' mediation fee is a recoverable cost and, therefore, declines to award Makris such costs. *See Jensen v. Lawler*, 338 F. Supp. 2d 739, 747 (S.D. Tex. 2004) ("[m]ediation costs are not mentioned in, nor embraced by, any provision of 28 U.S.C. § 1920").

Makris also requests a 100% upward enhancement of his attorneys' fees. Doc. No. 278 at 2. Having carefully considered the circumstances of this case, the Court likewise does not find that an upward enhancement is warranted.

7

Accordingly, the Court **GRANTS** the Makris Motion as to Makris' request for attorneys' fees and costs. The Court finds that Makris is entitled to his reasonable and necessary attorneys' fees in the amount of $234,026.25 and his costs in the amount of $3,726.83. However, the Court **DENIES** Makris' request for an award of his mediation fee. The Court further **DENIES** Makris' request for an upward enhancement of his attorneys' fees.

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** the AM Motion and the Makris Motion. As to the AM Motion, the Court **AWARDS** the AM Defendants their (1) reasonable and necessary attorneys' fees in the amount of $1,175,702.38 and (2) costs in the amount of $33,564.62. As to the Makris Motion, the Court **AWARDS** Defendant Anthony Makris his (1) reasonable and necessary attorneys' fees in the amount of $234,026.25 and (2) costs in the amount of $3,726.83.

**SO ORDERED.**

Signed August 11th, 2026.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE

8