IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NATIONAL RIFLE ASSOCIATION OF §
AMERICA, §
§
    Plaintiff, §
§
v. §    Civil Action No. 3:22-CV-1944-K
§
ACKERMAN MCQUEEN, INC., §
MERCURY GROUP, INC., and §
ANTHONY MAKRIS, §
§
    Defendants. §

## ORDER

Before the Court are Defendants Ackerman McQueen, Inc. ("Ackerman") and

Mercury Group, Inc.'s ("Mercury" and, together, the "AM Defendants") Motion for

Sanctions Against Plaintiff National Rifle Association of America ("NRA") (Doc. No.

282) and Brief in Support (Doc. No. 283) (together, the "Motion"), Plaintiff's

Opposition to the AM Defendants' Motion (the "Response") (Doc. No. 285), and the

AM Defendants' Reply in Support of Their Motion (the "Reply") (Doc. No. 292).

Having carefully considered the Motion, the Response, and the Reply, as well as the

supporting appendices, the applicable law, and the relevant portions of the record, the

Court does not find that sanctions are warranted. Accordingly, the Court **DENIES** the

Motion.

Plaintiff NRA brought this case against Defendants Ackerman, Mercury, and

Makris, alleging claims for breach of contract, breach of fiduciary duty, and fraud, all

1

arising out of a previous Confidential Settlement Agreement between the NRA, Ackerman, and Mercury. *See* Doc. No. 211 (Plaintiff's Third Amended Complaint). In February of 2025, the NRA retained new counsel in this matter. Doc. No. 289 at 5 (all citations to CM/ECF page numbers unless otherwise noted). In October of 2025, the NRA filed its Motion Pursuant to Rule 41 for Voluntary Dismissal with Prejudice and Brief in Support. *See* Doc. No. 274. Thereafter, the parties filed their Joint Notice of No Opposition to Plaintiff's Motion Pursuant to Rule 41 for Voluntary Dismissal with Prejudice. *See* Doc. No. 275. The Court then entered its Order of Dismissal on November 17, 2025. *See* Doc. No. 277. The Court later awarded all Defendants their reasonable and necessary attorneys' fees and costs. *See* Doc. No. 297 (Court's August 10, 2026, order granting Defendants' motions for attorneys' fees and costs).

Now, the AM Defendants move for sanctions against the NRA, arguing that this case was the NRA's "bad faith attempt to perpetuate litigation against the [AM Defendants][.]" Doc. No. 282 at 2. Specifically, the AM Defendants request that the Court assess monetary sanctions against the NRA in the amount of $500,000, in order to "compensate [the AM Defendants] for lost business opportunities, lost profits, and other serious business setbacks resulting from the filing of this case." Doc. No. 283 at 13. The NRA opposes the request for sanctions, arguing that the AM Defendants' Motion merely "seeks punishment" and, "[w]hile the parties and their related entities on all sides have aggressively fought through all legal means, it is time for this war to end." Doc. No. 285 at 17 (internal citations omitted).

Federal Rule of Civil Procedure 11 states that an attorney who signs "a pleading, written motion, or other paper" certifies that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11(b)(1). If this rule is violated, the court may impose sanctions, including monetary sanctions, "on any attorney, law firm, or party that violated the rule or is responsible for the violation." *Id.* at 11(c)(1). A court may also use its inherent authority to impose sanctions if "[it] find[s] that an attorney has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Houston v. Southwest Airlines*, Civ. Action No. 3:17-CV-2610-N-BT, 2020 WL 774408, at *1 (N.D. Tex. Feb. 18, 2020) (Rutherford, M.J.) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)). Importantly, Rule 11 sanctions are "to be exercised with extreme caution." *Id.* (quoting *Laughlin v. Perot*, Civ. Action No. 3:95-CV-2577-R, 1997 WL 135676, at *8 (N.D. Tex. Mar. 12, 1997) (Buchmeyer, C.J.)). Further, "[s]anctions under a court's inherent power to punish abusive litigation practices are permissible but should be used as a *last resort*[.]" *U.S. v. Cabelka*, Civ. Action No. 7:16-CV-0126-O-BP, 2017 WL 11477144, at *1 (N.D. Tex. Dec. 21, 2017) (Ray, M.J.) (emphasis added) (quoting *Samples v. Miles*, 239 Fed. App'x. 14, 19 n.14 (5th Cir. 2007)).

The Court does not find that sanctions are warranted in this case. First, the Court does not find, on this extensive record, that the NRA pursued this case for an improper purpose such that the Court may impose sanctions under Rule 11. Second, the Court does not find that the NRA or its current counsel-of-record have acted in

3

bad faith or with vexatious motivations in this case. Lastly, the Court agrees with the

NRA that "it is time for this war to end." Doc. No. 285 at 17.

For the foregoing reasons, the Court **DENIES** the AM Defendants' Motion.

**SO ORDERED.**

Signed August 11th, 2026.

ED KINKEADE
UNITED STATES DISTRICT JUDGE